IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALICE CHAMBERS-SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00599 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| WARDEN PHYLLIS BASKERVILLE, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Alice Chambers-Scott, Pro Se Plaintiff.*

The plaintiff Alice Chambers-Scott, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. She alleges that, among other things, prison officials violated her constitutional rights by denying a furlough she requested to attend her husband's funeral. After review of the record, I will dismiss the action without prejudice for failure to state any claim actionable under § 1983.

I.

The plaintiff is confined at the Fluvanna Correctional Center for Women ("FCCW"). She alleges that after her husband of fifteen years died on May 13, 2013, the warden denied her request for a furlough to attend his funeral and visit the couple's children during their bereavement. Counselor DesSearault, who

helped the plaintiff complete the required form, allegedly listed incorrect information about the charges for which the plaintiff is currently serving time and her criminal history, by including charges that were later reduced or dismissed, or for which she was acquitted or had completed her sentence. When the plaintiff asked why the warden had denied the request, Counselor Monger stated, within others' hearing, that the plaintiff had "three . . . malicious wounding charges, a LEO assault, and she was flagged . . . as assaultive."[1] (Compl. Attch. 1 at 1, ECF No. 1-1.)

DesSearault said that the plaintiff's arrest on each charge was what mattered in this circumstance, rather than the specific outcome of each charge. The unit manager told the plaintiff that the incorrect information about her charges did not cause the denial of the furlough request. The plaintiff complained to the warden that inmates with more serious charges had been granted furloughs. The warden said that she had denied the furlough request because the plaintiff's assaultive charges had involved people she did not know, rather than family members or acquaintances. The warden's decision was upheld on appeal. The plaintiff also complains that officials denied as repetitive her grievances seeking to correct the information on the furlough request.

---

[1] The plaintiff filed a grievance about Monger's public disclosure of her criminal information, and the warden found that his behavior had violated prison policy.

The plaintiff also raises claims unrelated to her furlough request: that an officer promised, but failed, to arrange for the plaintiff to speak to the watch commander; and that the plaintiff's family reported that money orders they mailed to her at the prison were returned with an indication that the plaintiff was no longer confined there. When the plaintiff complained to the mailroom, staff apologized and blamed their computer database for the mistake.

The plaintiff sues the warden, the counselors, and the Virginia Department of Corrections ("VDOC"). She alleges that denial of the furlough request was constitutionally unequal treatment, interfered with her religious beliefs, was double punishment for her prior offense conduct, and harmed her reputation. The plaintiff also asserts claims of emotional distress, harassment, discrimination, breach of confidentiality, mental anguish, and pain and suffering, related to all her claims.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

As an initial matter, the plaintiff's claims against the VDOC must be summarily dismissed. It is well settled that a state and its governmental entities cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). While the prison officials named as defendants are subject to suit under § 1983, I find that all claims against them must also be summarily dismissed.

While I may sympathize with the plaintiff's distress at being unable to attend her husband's funeral or grieve with her children in person, I do not find that her allegations state any claim that she was deprived of any constitutionally protected right. It is well established that inmates have no specific constitutional right to a furlough, whether for visitation of a sick relative or for the attendance of a family funeral. *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) ("Under Virginia law, work release, furlough and parole are all characteristically discretionary programs in which [plaintiff] could acquire no entitlement."). Therefore, the warden's decision not to grant the plaintiff this privilege, for whatever reason, did not deprive the plaintiff of any constitutionally protected right so as to present a claim

actionable under § 1983 —against the warden or the counselors on due process grounds.

The plaintiff also has no constitutional claim that denial of her furlough request based on her prior charges was double punishment for those charges. The Double Jeopardy Clause merely prohibits a *sentencing court* from imposing greater criminal punishment for an offense than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). The warden's furlough decision, made in the discretion granted to her by the state legislature, related merely to a condition of the plaintiff's confinement. Her decision did not lengthen the term of the plaintiff's confinement or otherwise increase the penalty imposed by the state courts for her crimes.

I am also "aware of no authority to support the proposition that prison officials run afoul of the First Amendment if they do not grant a prisoner's request for a furlough to attend a religious event," even a funeral. *Butler v. Snyder*, 106 F. Supp. 2d 589, 594 (D. Del. 2000). Moreover, because the plaintiff has not demonstrated, nor could she, that she was similarly situated in all relevant respects to other inmates who were granted bereavement furloughs, she has not alleged any actionable equal protection claim. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (finding equal protection claim requires showing that plaintiff was treated differently from others similarly situated to her).

The plaintiff fails to cite any authority recognizing a constitutional right to confidentiality in the facts about her criminal charges and convictions. Indeed, such information is a matter of public record, and the plaintiff's own allegations indicate that prison officials have computer access to this information and utilize it to make discretionary decisions about security concerns posed by particular inmates. Moreover, the plaintiff focuses on the counselor's alleged inaccuracies and the effect his public statement had on the plaintiff's reputation among staff and inmates. Such allegations of slander or defamation are not actionable under § 1983, because reputation itself is not a constitutionally protected interest. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *see also Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) (finding verbal abuse by guards, without more, states no constitutional claim) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

Inmates do not have a constitutionally protected right to a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, officials' unsatisfactory responses to the plaintiff's grievances about the furlough request and the alleged mischaracterization of her charges do not give rise to any constitutionally significant claim and are not actionable under § 1983.

For these reasons, I find that the plaintiff's § 1983 claims concerning denial of her requested furlough must be dismissed without prejudice under §

1915A(b)(1), because she fails to state facts showing any violation of her constitutional rights. To the extent that the defendants' challenged actions or comments may have violated prison regulations or policies or state tort law, such alleged violations of state law by state officials do not provide a basis for constitutional claims under § 1983. *Weller v. Dep't of Soc. Servs. for the City of Balt.*, 901 F.2d 387, 392 (4th Cir. 1990). Similarly, the many other claims the plaintiff has alleged will arise, if at all, under state law, not federal law or the Constitution. I decline to exercise supplemental jurisdiction over such state law claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice.

I will also summarily dismiss the plaintiff's claims unrelated to the furlough request. An officer's alleged failure to arrange a promised meeting with an officer, and the mailroom staff's return of the plaintiff's mail because of a computer mistake, are both allegations suggesting, at most, official negligence, rather than any deliberate deprivation of the plaintiff's rights. State officials cannot be held liable under § 1983 for their merely negligent actions. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Moreover, the plaintiff does not state how any of the defendants she has named was personally involved in the

problems alleged in these last two claims. For these reasons, I will summarily dismiss these claims under § 1915A(b)(1) as frivolous.

III.

In conclusion, I find that the plaintiff's allegations do not support any claim that the defendants' actions deprived her of constitutional rights actionable under § 1983, and dismiss all such claims accordingly, pursuant to 28 U.S.C. § 1915A(b)(1). I also decline to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c), and dismiss all such claims without prejudice.

A separate Order will be entered herewith.

DATED: February 9, 2015

/s/ James P. Jones
United States District Judge